UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS JOSEPH MELGER, | No. 2:24-cv-00026 DB P |
| Petitioner, | |
| v. | ORDER AND |
| GAVIN NEWSOM, | FINDINGS AND RECOMMENDATIONS |
| Respondent. | |

Petitioner, a state prisoner, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 and a motion to proceed in forma pauperis. (ECF Nos. 1, 2.) A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed pleading that the action is frivolous or without merit. Tripati v. First Nat'l Bank & Tr., 821 F.2d 1368, 1370 (9th Cir. 1987). Here, it clearly appears the court lacks habeas jurisdiction over the claims, which are without merit. The request to proceed in forma pauperis should be denied and the petition should be dismissed without leave to amend.

Petitioner also filed a "Request for Judicial Review…." (ECF No. 7.) The court construes this request as a request for the court to screen the petition. So construed, the request is granted.

**I. Screening Standard**

In screening the habeas petition, the court applies the Rule 4 framework of the Rules Governing Section 2254 Cases in the United States District Courts. See 28 U.S.C. foll. § 2254,

1

Rule 4. If it plainly appears from the petition, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, then the petition must be dismissed. Id.; Herbst v. Cook, 260 F.3d 1039, 1043 (9th Cir. 2001).

## II. Petitioner's Allegations

During his incarceration, petitioner has performed labor and worked various jobs and was paid 13 cents per hour or $2.90 per day. (ECF No. 1 at 7.) Petitioner alleges the non-payment of minimum wage for his work violates the United States Constitution, Thirteenth Amendment, and/or the Bill of Attainder Clause in Article 1, Sections 9 and 10. (See id. at 5-8.) Through this suit, petitioner seeks to invalidate the Thirteenth Amendment as a prohibited bill of attainder to the extent it imposes slavery and involuntary servitude on a person without a trial. (See id. at 6, 8.) Petitioner also seeks unpaid minimum wages for the work and labor he performed. (Id. at 8.)

## III. Discussion

Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus and a civil rights complaint [under 42 U.S.C. § 1983]. See Muhammad v. Close, 540 U.S. 749, 750 (2004). Claims challenging "the fact or duration of the conviction or sentence" are within the core of habeas, while claims challenging "any other aspect of prison life" are properly brought as civil rights actions. Nettles v. Grounds, 830 F.3d 922, 934 (9th Cir. 2016) (en banc). The present claims challenge the conditions of petitioner's prison life rather than the fact or duration of his conviction or sentence. Petitioner also seeks monetary compensation. These claims are not properly brought under 28 U.S.C. § 2254. See Preiser v. Rodriguez, 411 U.S. 475, 499-500 (1973); Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003) ("habeas jurisdiction [under 28 U.S.C. § 2254] is absent, and a § 1983 action is proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence").

The court could construe petitioner's allegations as an attempt to state a civil rights cause of action under 42 U.S.C. § 1983. See Wilwording v. Swenson, 404 U.S. 249, 251 (1971) (superseded by statute on other grounds). However, the petition, if converted into a civil rights complaint, would not state a claim.

////

Although the Thirteenth Amendment prohibits slavery and involuntary servitude, it explicitly exempts forced labor imposed as punishment pursuant to a criminal conviction. U.S. Const. Amend. XIII. The Thirteenth Amendment does not apply where prisoners are required to work in accordance with prison rules. Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994). Moreover, any compensation for inmate labor exists by grace of the state. See Vanskike v. Peters, 974 F.2d 806, 809 (7th Cir. 1992) (citing Draper v. Rhay, 315 F.2d 193, 197 (9th Cir.), cert. denied, 375 U.S. 915 (1963); Sigler v. Lowrie, 404 F.2d 659 (8th Cir. 1968), cert. denied, 395 U.S. 940 (1969)). Petitioner is unable to state a cognizable claim that he is being forced into involuntary servitude in violation of the Thirteenth Amendment or that his federal rights are otherwise violated by non-payment of minimum wage. See, e.g., Allen v. Mayberg, No. 1:06-CV-01801-AWI-GSA (PC), 2008 WL 5135629, at *11 (E.D. Cal. Dec. 8, 2008) (holding inmate did not state a claim under the Thirteenth Amendment, Equal Protection Clause, or Fair Labor Standards Act based on non-payment of minimum wages for labor).

Petitioner also fails to plausibly allege a violation of the Bill of Attainder Clause. A bill of attainder is a law that legislatively determines guilt and inflicts punishment upon an identifiable individual or group of individuals—without provision of the protections of a judicial trial—whether that individual or group "is called by name or described in terms of conduct which, because it is past conduct, operates only as a designation of particular persons." Selective Serv. Sys. v. Minnesota Pub. Interest Research Grp., 468 U.S. 841, 847, 851 (1984). There are three requirements to establish a violation of the Bill of Attainder Clause: "specification of the affected persons, punishment, and lack of a judicial trial." Id. at 847. Petitioner does not plausibly allege he lacked the protections of a judicial trial.

Moreover, converting the petition into a civil rights complaint would be futile unless petitioner is prepared to pay the appropriate filing fee in full because he has "struck out" under 28 U.S.C. § 1915(g). Petitioner already presented his allegations of involuntary servitude and non-payment of minimum wages in a civil rights complaint in Melger v. Gavin Newsom, No. 2:23-cv-00458-KJM-EFB. In that case, the court determined petitioner could not proceed in forma pauperis under 42 U.S.C. § 1983. See Melger v. Newsom, No. 2:23-CV-00458-EFB-PC, 2023

WL 3646799, at *1 (E.D. Cal. May 25, 2023), report and recommendation adopted, No. 2:23-CV-00458-KJM-EFB-PC, 2024 WL 129964 (E.D. Cal. Jan. 11, 2024). The complaint in that case was dismissed after petitioner failed to pay the filing fee as ordered. The present petition presents the same or substantially similar claims as the civil rights complaint already presented and dismissed. For all these reasons, the court should decline to convert the present petition into a civil rights complaint.

### IV. Conclusion, Order, and Recommendation

The court lacks habeas jurisdiction over plaintiff's claims, which are without merit, and the deficiencies cannot be cured by amendment. IT IS HEREBY ORDERED as follows:

1. The Clerk of the Court shall assign a district judge to this case.
2. The "Request for Judicial Review…." (ECF No. 7), construed as a request for the court to screen the petition, is granted.

In addition, IT IS HEREBY RECOMMENDED as follows:

1. The motion to proceed in forma pauperis (ECF No. 2) be denied as moot.
2. The petition for writ of habeas corpus be dismissed without leave to amend.
3. The Clerk of Court be directed to close this case.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 21 days after being served with these findings and recommendations, petitioner may file written objections with the court and serve a copy on all parties. Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 15, 2024

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB7
melg0026.scrn.fr

4